UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| JOSH D. BLAND, | Case No. 1:19-cv-01750-SKO (PC) |
|---|---|
| Plaintiff, | **ORDER DIRECTING PLAINTIFF TO FILE A FIRST AMENDED COMPLAINT *OR* NOTIFY THE COURT OF HIS DESIRE TO PROCEED ONLY ON CLAIMS FOUND COGNIZABLE** |
| v. | |
| D. MOFFETT, et al., | |
| Defendants. | (Doc. 1) |
| | 21-DAY DEADLINE |

Plaintiff alleges the defendants failed to protect him from attacks by other inmates. (Doc. 1.) The Court finds that Plaintiff states cognizable failure to protect claims against G. Jaime and E. Stark and a cognizable retaliation claim against D. Moffett. However, Plaintiff's claims against J. Bryan, T. Castellanos, Luna, M. Stane, and the California Department of Corrections and Rehabilitation (CDCR) are not cognizable. Therefore, the Court directs Plaintiff to file a first amended complaint curing the deficiencies identified herein or, alternatively, a notice that he wishes to proceed only on the claims found cognizable against Moffett, Jaime, and Stark.

**I. SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are

legally frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). The Court should dismiss a complaint if it lacks a cognizable legal theory or fails to allege sufficient facts to support a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

## II. PLEADING REQUIREMENTS

### A. Federal Rule of Civil Procedure 8(a)

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 513 (2002). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. Pro. 8(a)(2). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512 (internal quotation marks and citation omitted).

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Factual allegations are accepted as true, but legal conclusions are not. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

The Court construes pleadings of *pro se* prisoners liberally and affords them the benefit of any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted). However, "the liberal pleading standard … applies only to a plaintiff's factual allegations," not his legal theories. *Neitze v. Williams*, 490 U.S. 319, 330 n.9 (1989). Furthermore, "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled," *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (internal quotation marks and citation omitted), and courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). The "sheer possibility that a defendant has acted unlawfully" is not sufficient to

state a cognizable claim, and "facts that are merely consistent with a defendant's liability" fall short. *Iqbal*, 556 U.S. at 678 (internal quotation marks and citation omitted).

### B. Linkage and Causation

Section 1983 provides a cause of action for the violation of constitutional or other federal rights by persons acting under color of state law. *See* 42 U.S.C. § 1983. To state a claim under Section 1983, a plaintiff must show a causal connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. *See Rizzo v. Goode*, 423 U.S. 362, 373-75 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (citation omitted).

## III. DISCUSSION

### A. Plaintiff's Allegations

In Claim I, Plaintiff alleges that Correctional Sergeant Moffett told Plaintiff that if he did not stop filing inmate appeals, he (Moffett) would "reveal [Plaintiff's] committed offences to other inmates." (Doc. 1 at 4, 10.) Plaintiff alleges that, one month later, an inmate attacked him. (*Id.* at 4.) When Plaintiff yelled, "what did I do?" the inmate replied, "the sgt. said, 'you're a [illegible]!'" (*Id.*) According to Plaintiff, after the incident, Correctional Sergeant Stane told him, "If you don't withdraw[] this staff complaint, I'm going to throw it away." (*Id.*)

In Claim II, Plaintiff alleges that, on January 26, 2016, Correctional Officers Bryan and Luna "failed to protect" him when he was "brutally beaten … by 6 inmates." (*Id.* at 5, 10.)

In Claim III, Plaintiff alleges that Associate Warden Jaime, Correctional Captain Stark, and CDCR placed him back in the location where the January 26, 2016 attack occurred. (*Id.* at 6, 10.) Plaintiff's cellmate later revealed that he was one of the 6 attackers, before punching Plaintiff in the face and causing Plaintiff's eyeglasses to cut him just below his left eye. (*Id.* at 6.)

In Claim IV, Plaintiff alleges that Correctional Sergeant Castellanos interviewed him about the punching incident. (*Id.* at 7.) Plaintiff explained the situation, "beginning with the threat

from … Moffett." (*Id.*) Plaintiff alleges that Castellanos "did not report or document anything [Plaintiff] told him…. All he did was move [Plaintiff] to another building." (*Id.*)

**B. Causes of Action**

Plaintiff raises claims under the Eighth and Fourteenth Amendments, the Supremacy Clause, and the "Oath Clause." (Doc. 1 at 4-6.) Plaintiff states a cognizable retaliation claim under the First Amendment and viable failure to protect claims under the Eighth and Fourteenth Amendments. However, the Supremacy Clause and Oath or Affirmation Clauses of the U.S. Constitution are irrelevant to Plaintiff's claims.

1. Retaliation

A claim for retaliation has five elements. *Watison v. Carter*, 668 F.3d 1108, 1114 (9th Cir. 2012). First, the plaintiff must allege that he engaged in protected activity. *Id.* For example, filing an inmate grievance is protected, *Rhodes v. Robinson*, 408 F.3d 559, 568 (9th Cir. 2005), as is the right to access the courts. *Bounds v. Smith*, 430 U.S. 817, 821 (1977); *see also Rizzo v. Dawson*, 778 F.2d 527, 531-32 (9th Cir. 1985). Second, the plaintiff must show that the defendant took adverse action against him. *Watison*, 668 F.3d at 1114 (citation omitted). "Third, the plaintiff must allege a causal connection between the adverse action and the protected conduct." *Id.* In other words, the plaintiff must claim the defendant subjected him to an adverse action *because of* his engagement in protected activity. *Rhodes*, 408 F.3d at 567. "Fourth, the plaintiff must allege that the official's acts would chill or silence a person of ordinary firmness from future First Amendment activities." *Watison*, 668 F.3d at 1114 (internal quotation marks and citation omitted). "Fifth, the plaintiff must allege 'that the prison authorities' retaliatory action did not advance legitimate goals of the correctional institution….'" *Id.* (quoting *Rizzo*, 778 F.2d at 532).

In Claim I, Plaintiff states a cognizable retaliation claim against Officer Moffett. Plaintiff alleges that he engaged in protected conduct, i.e., filing inmate grievances, and that Moffett subjected him to adverse action because of such conduct, i.e., revealing his criminal convictions and instigating an attack by another inmate. (Doc. 1 at 4.) Plaintiff does not explicitly allege that Moffett's actions would chill an ordinary person; but he alleges that he was harmed, and "harm that is more than minimal will almost always have a chilling effect." *Rhodes*, 408 F.3d at 562.

Plaintiff does not state a cognizable claim against Sergeant Stane. Although Plaintiff alleges Stane threw his inmate appeal away (Doc. 1 at 4), "inmates lack a … constitutional entitlement to a specific prison grievance procedure." *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (citation omitted). This allegation may be relevant to whether Plaintiff is required to exhaust administrative remedies with respect to Claim I. *See Ross v. Blake*, 136 S. Ct. 1850, 1860 (2016) (exhaustion not required "when prison administrators thwart inmates from taking advantage of a grievance process"). But it does not give rise to a viable, independent claim.

2. Failure to Protect/Deliberate Indifference to Safety

"[T]he treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (internal quotation marks and citation omitted). Prison officials have a duty "to take reasonable measures to guarantee the safety of inmates, which has been interpreted to include a duty to protect prisoners." *Labatad v. Corr. Corp. of Am.*, 714 F.3d 1155, 1160 (9th Cir. 2013) (citing *Farmer*, 511 U.S. at 832-33; *Hearns v. Terhune*, 413 F.3d 1036, 1040 (9th Cir. 2005)). To establish a violation of this duty, a prisoner "must show that … officials acted with deliberate indifference to the threat of serious harm or injury." *Labatad*, 714 F.3d at 1160 (citation omitted). The Supreme Court has explained that "deliberate indifference entails something more than mere negligence, … [but] something less than acts or omissions for the very purpose of causing harm or with the knowledge that harm will result." *Farmer*, 511 U.S. at 835. A prison official shows "deliberate indifference" to a threat of serious injury to an inmate when he "knows of and disregards an excessive risk to inmate health or safety." *Id.* at 837.

The deliberate indifference standard has both objective and subjective prongs. First, objectively, the alleged deprivation must be "sufficiently serious." *Id.* at 834. "For a claim based on failure to prevent harm, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm." *Id.* (citation omitted).

Second, subjectively, the prison official must "know[] of and disregard[] an excessive risk to inmate health and safety." *Id.* at 837 (as quoted in *Anderson v. Cty. of Kern*, 45 F.3d 1310, 1313 (9th Cir. 1995)). The prison official "must both be aware of facts from which the inference

5

could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837. In other words, the prison official is liable "only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id.* at 847.

In Claim II, Plaintiff does not state cognizable claims against Officers Bryan and Luna. Plaintiff alleges the officers "failed to protect" him against an attack on January 26, 2016 (Doc. 1 at 5), but he does not provide any facts to support this conclusion. As explained in section II.A, *supra*, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted). To state a failure to protect claim, Plaintiff must provide sufficient facts showing that the defendants knew of an excessive risk to his safety and disregarded that risk. *See id.*; *Farmer*, 511 U.S. at 837.

In Claim III, Plaintiff states cognizable claims against Associate Warden Jaime and Captain Stark. Plaintiff alleges that Jaime and Stark put him back in the same location where the January 26, 2016 attack occurred, resulting in Plaintiff's cellmate, one of the attackers, assaulting Plaintiff for a second time. (*See* Doc. 1 at 6.) If true, the Court assumes that the defendants knew of a substantial risk of serious harm to Plaintiff if they put him back in a cell with one of the attackers, then disregarded that risk by doing just that. *See Farmer*, 511 U.S. at 847.

Though Plaintiff states a cognizable claim, he improperly names CDCR as a defendant. (Doc. 1 at 6, 11.) In general, state agencies are immune from suit in federal court and are not "persons" within the meaning of section 1983. *See Howlett By & Through Howlett v. Rose*, 496 U.S. 356, 365 (1990). Therefore, CDCR, as a state agency, cannot be sued under section 1983. *See Christman v. Micheletti*, 302 F. App'x 742, 743 (9th Cir. 2008) (affirming dismissal because California Department of Corrections not a "person" under section 1983); *see also Gilbreath v. Cutter Biological, Inc.*, 931 F.2d 1320, 1327 (9th Cir. 1991) (same conclusion regarding Arizona Department of Corrections).

Lastly, Plaintiff does not state a cognizable claim against Sergeant Castellanos in Claim IV. Plaintiff alleges that Castellanos "did not report or document anything [he] told him" about the January 26 incident. (Doc. 1 at 7.) However, as explained in section III.B.1, *supra*, Plaintiff

6

does not have a constitutional right to specific inmate grievance procedures. *See Ramirez*, 334 F.3d at 860.

## IV. CONCLUSION AND ORDER

For the reasons set forth above, the Court grants Plaintiff leave to file a first amended complaint. **Within 21 days**, Plaintiff shall file an amended complaint curing the deficiencies identified herein or, alternatively, a notice that he wishes to proceed only on the claims found cognizable against Moffett, Jaime, and Stark and to dismiss all remaining claims and defendants. If Plaintiff no longer wishes to pursue this action, he may file a notice of voluntary dismissal. If Plaintiff needs an extension of time to comply with this order, he shall file a motion seeking an extension **no later than 21 days** from the date of service of this order.

Plaintiff is informed that an amended complaint supersedes the original complaint. *Lacey v. Maricopa Cty.*, 693 F.3d 896, 927 (9th Cir. 2012). Thus, the amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220. The Court provides Plaintiff with an opportunity to amend his complaint to cure the deficiencies identified in this order. However, he may not change the nature of this suit by adding unrelated claims in an amended complaint.

Accordingly, the Court **ORDERS**:

1. Plaintiff is **GRANTED** leave to file a first amended complaint;
2. The Clerk's Office shall send Plaintiff a civil rights complaint form; and,
3. **Within 21 days** of the date of service of this order, Plaintiff must file **one of the following three items**:
    a. a first amended complaint curing the deficiencies identified in this order, or
    b. a notice that he does not wish to file a first amended complaint and instead wishes to (1) proceed only on his retaliation claim against Moffett and his failure to protect claims against Jaime and Stark, (2) dismiss all remaining claims, and (3) dismiss Defendants Bryan, Castellanos, Luna, Stane, and CDCR, or
    c. a notice of voluntary dismissal of this entire case.

**If Plaintiff fails to comply with this order, the Court will recommend that this action proceed only on the claims found cognizable herein and that all other claims and defendants be dismissed with prejudice.**

IT IS SO ORDERED.

Dated:  **April 6, 2020**                                   /s/ *Sheila K. Oberto*
                                                  UNITED STATES MAGISTRATE JUDGE