UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA BLAND,<br><br>                Plaintiff,<br><br>        v.<br><br>D. MOFFETT, et al.,<br><br>                Defendants. | Case No. 1:19-cv-01750-NONE-SKO (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO GRANT DEFENDANTS' MOTION TO PARTIALLY DISMISS COMPLAINT**<br><br>(Doc. 20)<br><br>21-DAY DEADLINE |

Plaintiff is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's Eighth Amendment failure-to-protect claims against Defendants Jaime and Stark and on a single First Amendment retaliation claim against Defendant Moffett. (Doc. 14; *see also* Doc. 8.)

Before the Court is Defendants' motion to partially dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 20.) Defendants move to dismiss the claim against Defendant Moffett on the ground that it is barred by the statute of limitations. (*Id.*) For the reasons set forth below, the Court recommends that the motion be granted.

I.   **LEGAL STANDARD**

A motion to dismiss under Rule 12(b)(6) "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). In resolving a 12(b)(6) motion, the Court's review is generally limited to the "allegations contained in the pleadings, exhibits attached to the complaint,

and matters properly subject to judicial notice." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1030-31 (9th Cir. 2008) (internal quotation marks and citations omitted). Dismissal is proper if there is a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988) (citation omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Court "accept[s] as true all well-pleaded allegations of material fact, and construe[s] them in the light most favorable to the non-moving party." *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010) (citation omitted). In addition, the Court construes pleadings of *pro se* prisoners liberally and affords them the benefit of any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted). However, "the liberal pleading standard … applies only to a plaintiff's factual allegations," not his legal theories. *Neitze v. Williams*, 490 U.S. 319, 330 n.9 (1989).

## II. DISCUSSION

### A. Statute of Limitations in Section 1983 Actions

"A claim should only be dismissed pursuant to Rule 12(b)(6) based on a statute of limitations where the running of the statute of limitations is apparent on the face of a complaint, or where material subject to judicial notice, incorporated by reference into the complaint, or attached to the complaint indicates that a claim is necessarily barred." *Stevenson v. Holland*, No. 1:16-cv-01831-AWI-SKO, 2017 WL 2958731, at *4 (E.D. Cal. 2017) (internal quotation marks and citations omitted).

The statute of limitations for section 1983 actions "is the personal injury statute of limitations of the state in which the cause of action arose." *Alameda Books, Inc. v. City of Los Angeles*, 631 F.3d 1031, 1041 (9th Cir. 2011) (citations omitted). In California, the statute of limitations for personal injury claims is two years. *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004) (citing Cal. Civ. Proc. Code § 335.1). Thus, the statute of limitations for section 1983 actions arising in California is also two years. *Jackson v. Barn*es, 749 F.3d 755, 761 (9th Cir.

2014) (citation omitted).

In addition to the statute of limitations, federal courts apply "the forum state's law regarding tolling, including equitable tolling," for section 1983 actions. *Jones*, 393 F.3d at 927 (citation omitted). In California, the statute of limitations is tolled for a maximum of two years if and while a plaintiff is imprisoned, unless the plaintiff is serving a sentence of life without the possibility of parole. Cal. Civ. Proc. Code § 352.1(a); *Brooks v. Mercy Hosp.*, 1 Cal. App. 5th 1, 7 (Cal. Ct. App. 2016) ("only those sentenced to life without possibility of parole should be excluded from the tolling provision" of section 352.1) (citations omitted). The statute of limitations is also "tolled while a prisoner completes the mandatory exhaustion process." *Brown v. Valoff*, 422 F.3d 926, 943 (9th Cir. 2005) (citations omitted).

Additionally, equitable tolling "operates independently … of the Code of Civil Procedure to suspend or extend a statute of limitations as necessary to ensure fundamental practicality and fairness." *Jones*, 393 F.3d at 928 (internal quotation marks and citation omitted). "Under California law, a plaintiff must meet three conditions to equitably toll a statute of limitations: (1) defendant must have had timely notice of the claim; (2) defendant must not be prejudiced by being required to defend the otherwise barred claim; and (3) plaintiff's conduct must have been reasonable and in good faith." *Fink v. Shedler*, 192 F.3d 911, 916 (9th Cir. 1999) (internal quotation marks and citation omitted).

**B. Analysis**

Plaintiff alleges that, in October of 2015, Correctional Sergeant Moffett threatened to "reveal [his] committed offenses to other inmates" if he did not stop filing administrative grievances. (Doc. 1 at 4.) Plaintiff further alleges that, on November 23, 2015, an inmate attacked him. (*Id.*) According to Plaintiff, while he was being attacked, he "yelled, 'what did I do?'" to which the other "inmate yelled back, 'the Sgt. said you're a chomo'!" (*Id.*) Based on these allegations, the Court found that Plaintiff states a cognizable claim of retaliation against Defendant Moffett. (Doc. 8 at 4.)

Defendants contend that Plaintiff's claim against Defendant Moffett is barred by the statute of limitations. The Court agrees.

As explained above, the statute of limitations for section 1983 actions arising in California is two years. Applying the additional two years provided by California Code of Civil Procedure § 352.1, Plaintiff had four years to file suit after his cause of action accrued, or until November 23, 2019. Plaintiff initiated this action on December 16, 2019. Plaintiff admits that he failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act. (Doc. 1 at 4.) Therefore, no additional tolling with respect to the exhaustion process applies.

In his opposition to Defendants' motion to dismiss, Plaintiff contends that the Court should abide by the prison mailbox rule, and that, under this rule, he timely filed suit.[1] (Doc. 23 at 1.) Under the prison mailbox rule, a document filed by a prisoner is deemed filed "at the time [he] delivered it to the prison authorities for forwarding to the court clerk." *Douglas v. Noelle*, 567 F.3d 1103, 1106 (9th Cir. 2009) (internal quotation marks and citation omitted). Plaintiff is correct that the "rule applies to section 1983 suits filed by *pro se* prisoners." *Id.* at 1107.

In response, Defendants request that "the Court take judicial notice of the date Plaintiff submitted his complaint to prison authorities for filing." (Doc. 25 at 1.) In support of their request, Defendants submit a declaration by the Library Technical Assistant at California State Prison, Corcoran, who attests that, in her "regular scope of business, [she] track[s] and log[s] each inmate complaint as it goes through the filing process." (Doc. 25-1 at 1.) She further attests that the records of such activities "are kept in the ordinary course of business," and that the relevant dates are "input at or near the time of receipt." (*Id.* at 2.) According to her records, a printout of which is attached to her declaration, the Library Technical Assistant received Plaintiff's complaint for this action on December 4, 2019. (*Id.* at 2, 4.)

Based on the above records, the Court takes judicial notice of the fact that Plaintiff delivered his complaint to prison authorities for forwarding to the Court on December 4, 2019. *See* Fed. R. Evid. 201(b)(2), 201(c)(2), 902(4)(A); *see also Intri-Plex Techs., Inc. v. Crest Grp., Inc.*, 499 F.3d 1048, 1052 (9th Cir. 2007) ("[a] court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment, as long as

---

[1] Plaintiff's remaining arguments, which regard the constitutionality of California Code of Civil Procedure §§ 352, *et seq.*, and 42 U.S.C. §§ 1997e, *et seq.*, are frivolous and, therefore, merit no further discussion here.

the facts noticed are not subject to reasonable dispute") (internal quotations marks and citations omitted). Consequently, even when applying the prison mailbox rule, Plaintiff failed to timely file his complaint within the four years afforded by the statute of limitations and California Code of Civil Procedure § 352.1.

The Court does not find grounds to equitably toll the statute of limitations. Plaintiff had four years to file suit, and he provides no explanation for why he waited so long to do so. During that time, Plaintiff filed more than a dozen lawsuits in the Eastern District of California.[2] Thus, Plaintiff is not a novice to litigation. The Court, therefore, does not find that Plaintiff acted reasonably or in good faith in pursuing his claim against Moffett so as to justify equitable tolling in addition to the two years of statutory tolling already provided.

### III.   CONCLUSION AND RECOMMENDATIONS

Based on the foregoing, the Court finds that Plaintiff's claim against Defendant Moffett is barred by the statute of limitations. Accordingly, the Court **RECOMMENDS** that Defendants' motion to dismiss (Doc. 20) be **GRANTED** and that Defendant Moffett and the claim against him be **DISMISSED** with prejudice.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 21 days** of the date of service of these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff's failure to file objections within the specified time may result in waiver of his rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **February 12, 2021**          /s/ *Sheila K. Oberto*
                                        UNITED STATES MAGISTRATE JUDGE

---

[2] The Court may take judicial notice of court records. *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

5