UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA DAVIS BLAND,<br><br>Plaintiff,<br><br>v.<br><br>D. MOFFETT, et al.,<br><br>Defendants. | Case No. 1:19-cv-01750-JLT-SKO (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S MOTIONS FOR WRIT AS FRIVOLOUS**<br><br>(Docs. 52 & 55)<br><br>**14-DAY OBJECTION PERIOD** |

Plaintiff Joshua Davis Bland is proceeding *pro se* and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983.

Before the Court are Plaintiff's "Original Writ for Common Law Remedy Pursuant to 28 USCA § 1333, and U.S. Judicial Act § 256 (1911), C. 231, 36 Stat. 1100" (Doc. 52) and "Writ for Adequate Remedy at Law (28 USCA SECT. 1333); Notification of Record with Attached legal Notice and Demand; and Declaration in Support of Writ for Adequate Remedy at Law" (Doc. 55) (referred to herein as "motions for writ").

**I.      RELEVANT PROCEDURAL BACKGROUND**

Plaintiff initiated this action on December 16, 2019. (*See* Doc. 1.) On May 22, 2020, the undersigned issued Findings and Recommendations following the screening of Plaintiff's complaint. (Doc. 12.) For the reasons set forth in the screening order of April 7, 2020, (Doc. 8), it was recommended that certain defendants be dismissed and that all claims, except for the

retaliation claim against Defendant Moffett and the failure to protect claims against Defendants Jaime and Stark, be dismissed. (*See* Doc. 12 at 1-2.)

On July 1, 2020, District Judge Dale A. Drozd issued an Order Adopting the findings and recommendations in full, dismissing all claims in Plaintiff's complaint, except for Plaintiff's "retaliation claim against Defendant Moffett and his claims of failure to protect against Defendants Jaime and Stark upon which this action shall proceed." (Doc. 14 at 2.)

Following service of Plaintiff's complaint, on September 18, 2020, Defendants Moffett, Jaime, and Stark filed a Motion to Dismiss the Complaint Against Defendant Moffett. (Doc. 20.) Plaintiff opposed the motion (Doc. 23) and Defendants filed a reply (Doc. 24).

On February 16, 2021, the undersigned issued Findings and Recommendations, recommending Defendants' motion to dismiss Defendant Moffett be granted and that the claim against him be dismissed. (Doc. 26.) Plaintiff filed his objections on March 12, 2021. (Doc. 28.)

On April 1, 2021, Judge Drozd issued an Order Adopting the findings and recommendations in full, granting Defendants' motion, and dismissing Defendant Moffett "and the claim brought against him" with prejudice. (Doc. 32.)

On April 28, 2021, Defendants Jaime and Stark filed an answer to Plaintiff's complaint. (Doc. 33.)

On June 7, 2021, the Court issued its Discovery and Scheduling Order. (Doc. 39.)

On August 27, 2021, Defendants filed a Motion for Summary Judgment asserting Plaintiff had failed to exhaust his administrative remedies before filing suit. (Doc. 41.) On August 30, 2021, discovery was stayed, except for discovery pertaining to exhaustion of administrative remedies, pending resolution of Defendants' summary judgment motion. (Doc. 43.)

On September 9, 2021, Plaintiff filed his opposition to the motion for summary judgment. (Doc. 44.) Defendants filed a reply on September 16, 2021. (Doc. 45.) On October 27, 2021, Plaintiff filed a document titled "Original Common Law Writ, Sui Juris, by Claimant at Law," that was docketed by the Clerk of the Court as a response to the reply. (See Doc. 49.) On November 19, 2021, Defendants filed "Defendants' Objection to Plaintiff's Unauthorized Surreply." (Doc. 51.)

On December 6, 2021, and March 2, 2022, respectively, Plaintiff filed his instant motions for writ. (Docs. 52 & 55.)

## II. DISCUSSION

According to his motions for writ, Plaintiff believes himself to be a sovereign citizen. (*See* Docs. 52 & 55.) A detailed explanation of the tenets of this system of beliefs can be found on the following page of the website of the Southern Poverty Law Center, last accessed on April 22, 2022: https://www.splcenter.org/fighting-hate/extremist-files/ideology/sovereign-citizens-movement.

Briefly stated, the ideology is based on the belief that the original system of government in this country (what sovereigns refer to as "common law") was secretly replaced by a new system based on admiralty law and the international law of commerce. Under what sovereigns call the common law, the sovereigns would be free, but under admiralty law, they view themselves as enslaved; they believe that secret government forces have a vested interest in keeping them enslaved. Some sovereigns believe this transformation took place during the Civil War, some blame the Federal Reserve Act, and still others blame the abandonment of the gold standard. All are adamant that judges around the country know about this supposedly secret government takeover but are denying the sovereigns' efforts to "redeem" their personages from this perceived state of captivity out of a treasonous loyalty to these hidden and malevolent government forces.

The sovereigns' process for "redeeming" themselves and splitting what they view as the straw-man persona, supposedly created for each American by the participants of the secret government takeover (denominated by writing people's names in all capital letters), from the flesh-and-blood person is called "redemption." Once separated from the corporate shell they view as having been created by the nefarious forces that secretly overtook the government, the newly freed person believes himself or herself to now exist outside of the jurisdiction of all admiralty laws – and so one can find the explanation for the sovereigns' refusal to acknowledge the "jurisdiction" of all governmental entities over their persons and their activities. Sovereign citizens are known to "clog up the courts with indecipherable filings."

3

Plaintiff's motions for writ are just such "indecipherable filings." Despite filing this action pursuant to 42 U.S.C. § 1983 alleging claims of a failure to protect against Defendants Jaime and Stark, Plaintiff now makes indecipherable, difficult to ascertain and frivolous demands or statements. For example, in his first motion, Plaintiff states he is "NOT a 'plaintiff'" but a "'Claimant'" who is "NOT complaining," but rather demanding "just compensation." (Doc. 52 at 1.) Plaintiff contends that Defendants, to whom he refers as "Respondents ex delicto," with "the invasion of [his] rights, as recognized by this Court," caused him actual injury. (*Id*. at 1-2.) Plaintiff contends "Respondents' acquiescence will stipulate to a full agreement with Claimant's demand for this relief, and by law are legally estopped . . . SILENCE ACTIVATES ESTOPPEL!!" (*Id*.)

In the attached "Affidavit by Declaration in Support of Original Writ for Common Law Remedy," Plaintiff cites to the Oregon and California state constitutions, "the Erie Railroad case," bankruptcy, criminal and contract law, and purportedly related case law. (*Id*. at 3-6.) Plaintiff also states his "true and proper name is Joshua-Davis and is of the Bland family, and is not a derivative, i.e., JOSHUA DAVIS BLAND, which is actually a registered trust with the Secretary of State, and is under common law copyrights, and this is in the public record." (*Id*. at 5.)

In his second motion, Plaintiff does essentially the same, (*see* Doc. 55 at 1-6), and also includes a "Notification of Record re Accounts/Trusts Under Account or Sub-Account Numbers: 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 and/or 102-79-018736; and Legal Notice and Demand with Attachment." (*Id*. at 7-8.) At pages 9 through 24 of the second motion is the "Legal Notice and Demand" addressed to "All State, Federal and International Public Officials," stating "THIS IS A CONTRACT IN ADMINRALITY JURISDICTION." At pages 25 and 26 of the second motion is a "Common Law Copyright Notice." It is unclear from either of Plaintiff's motions for writ what he seeks.

Plaintiff's motions for writ are not relevant to the pending motion for summary judgment by Defendants, nor do they otherwise relate to his pending claims. The Ninth Circuit Court of Appeals has rejected arguments premised on the sovereign citizen ideology as utterly meritless. *United States v. Studley*, 783 F.2d 934, 937 n.3 (9th Cir. 1986). This Court has as well. *See Mackey v. Bureau of Prisons*, No. 1:15-cv-1934-LJO-BAM, 2016 WL 3254037, at *1 (E.D. Cal.

June 14, 2016). And "[c]ourts across the country have uniformly rejected arguments" based on the sovereign citizen ideology as frivolous, irrational, or unintelligible. *United States v. Staten*, No. 1:10-cr-179, 2012 WL 2389871, at *3 (M.D. Pa. June 25, 2012); *see also Banks v. Florida*, No. 19-756, 2019 WL 7546620, at *1 (M.D. Fla. Dec. 17, 2019), *report and recommendation adopted*, 2020 WL 108983 (M.D. Fla. Jan. 9, 2020) (collecting cases and stating that legal theories espoused by sovereign citizens have been consistently rejected as "utterly frivolous, patently ludicrous, and a waste of ... the court's time, which is being paid by hard-earned tax dollars"); *United States v. Wunder*, No. 16-9452, 2019 WL 2928842, at *5 (D.N.J. July 8, 2019) ("legal-sounding but meaningless verbiage commonly used by adherents to the so-called sovereign citizen movement" is nothing more than a nullity); *Zahir v. Mountcastle*, No. 21-CV-1023, 2021 WL 1143381, at *3 (E.D. Pa. March 25, 2021) ("other than irrelevant statements of legal fictions, Zahir asserts no facts to demonstrate any viable cause of action for money damages. Legal sounding but meaningless verbiage is nothing more than a nullity").

Because Plaintiff's motions are based upon the sovereign citizen ideology, are unrelated to Plaintiff's claims of a failure to protect brought pursuant to 42 U.S.C. § 1983, and totally lack merit, the motions for writ should be denied as frivolous.

### III.   CONCLUSION AND RECOMMENDATIONS

For the reasons stated above, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's motion for writ filed December 6, 2021 (Doc. 52) be DENIED; and
2. Plaintiff's motion for writ filed March 2, 2022 (Doc. 55) be DENIED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 14 days** of the date of service of these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff's failure to file objections within the specified time

//
//
//

may result in waiver of his rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **April 22, 2022**                             /s/ *Sheila K. Oberto*
                                                                          UNITED STATES MAGISTRATE JUDGE