UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA DAVIS BLAND,<br><br>    Plaintiff,<br><br>    v.<br><br>D. MOFFETT, et al.,<br><br>    Defendants. | Case No. 1:19-cv-01750-JLT-SKO (PC)<br><br>**ORDER DENYING PLAINTIFF'S MOTION OR REQUEST TO APPOINT COUNSEL**<br><br>(Doc. 47) |

Plaintiff Joshua Davis Bland is proceeding *pro se* and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983.

On October 15, 2021, Plaintiff filed a "Request for Counsel, Ex Parte, Pursuant to Law; Inter Alia." (Doc. 47.)

**I.     DISCUSSION**

Plaintiff requests appointment of counsel, but other than stating he has spent "4 gruling [sic] years" incarcerated at Kern Valley State Prison during which he was "subjected to constant sexual harassment, threats of violent injury and theft of his property," where prison officials ignore his "enemy/safety concerns" (Doc. 47 at 1-2), Plaintiff makes no effort to explain why counsel should be appointed in his case.

Plaintiffs do not have a constitutional right to appointed counsel in section 1983 actions. *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *rev'd in part on other grounds*, 154 F.3d

952, 954 n.1 (9th Cir. 1998). Nor can the Court require an attorney to represent a party under 28 U.S.C. § 1915(e)(1). *See Mallard v. U.S. Dist. Court*, 490 U.S. 296, 304-05 (1989). However, in "exceptional circumstances," the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

Given that the Court has no reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in extraordinary cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Rand*, 113 F.3d at 1525 (internal quotation marks & citations omitted).

Here, the Court does not find the required exceptional circumstances. Even assuming Plaintiff is not well versed in the law and has made serious allegations that, if proven, would entitle him to relief, Plaintiff's case is not exceptional. The Court is faced with similar cases almost daily. While the Court recognizes that Plaintiff is at a disadvantage due to his *pro se* status and his incarceration, the test is not whether Plaintiff would benefit from the appointment of counsel. *See Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). The test is whether exceptional circumstances exist and here, they do not. Indeed, circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel. Plaintiff is proceeding on claims of a failure to protect against Defendants Jaime and Stark— which are not complex.

At this stage in the proceedings, the Court also cannot make a determination on whether Plaintiff is likely to succeed on the merits. Defendants Jaime and Starks' motion for summary judgment for a failure to exhaust administrative remedies prior to filing suit is pending decision by the Court. (Doc. 41.)[1] Plaintiff filed an opposition to the motion and a response to Defendants' reply. (Docs. 44, 49.) Based on a review of the records in this case, the Court does not find that Plaintiff cannot adequately articulate his claims.

---

[1] Defendants' motion will be decided in due course given this Court's heavy caseload.

## II. CONCLUSION AND ORDER

For the reasons stated above, the Court DENIES Plaintiff's motion or request for the appointment of counsel (Doc. 47) without prejudice.

IT IS SO ORDERED.

Dated: **April 22, 2022**         /s/ *Sheila K. Oberto*
                                  UNITED STATES MAGISTRATE JUDGE