UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA BLAND,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>D. MOFFETT, et al.,<br><br>　　　　　Defendants. | No. 1:19-cv-01750-JLT-SKO (PC)<br><br>**ORDER SETTING ASIDE PLAINTIFF'S OBJECTIONS OF MAY 19, 2022, AND DENYING PLAINTIFF'S NOTICE DATED JULY 8, 2022**<br><br>(Docs. 62 & 64) |

Plaintiff Joshua Bland is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983.

**I.     RELEVANT BACKGROUND**

Defendants Jaime and Stark filed a Motion for Summary Judgment on August 27, 2021, asserting Plaintiff had failed to exhaust his administrative remedies prior to filing this action. (Doc. 41.) Plaintiff filed an opposition (Doc. 44) and Defendants filed a reply (Doc. 45). The summary judgment motion remains pending resolution and will be decided in due course.

On May 19, 2022, Plaintiff filed a document titled "Objections to Defendants' Continuous Meritless Pleadings and Motions, Under Necessity; Inter Alia; Request for Judicial Notice; and Prayer to Excuse Late Filing of Documents." (Doc. 62.) Defendants filed an opposition to Plaintiff's "Objections" on that same date. (Doc. 63.)

//

On July 8, 2022, Plaintiff filed a document titled "Notice to the Court Under Necessity; Motion for Reconsideration." (Doc. 64.)

## II.   DISCUSSION

### A.   *Plaintiff's Filing of May 19, 2022 (Doc. 62)*

In his "Objections to Defendants' Continuous Meritless Pleadings and Motions," Plaintiff "OBJECTS to all of the Defendants' continuous meritless pleadings and motions, under necessity" (Doc. 62 at 1), contending Defendants "cannot, won't produce any evidence on how their institution (KVSP) has a history of willfully turning a blind eye and/or making inmate's grievances 'mysteriously disappear' to cover their co-worker's misconduct …" (*id*.). Plaintiff then references Defendants' points and authorities in support of the motion for summary judgment and contends he submitted "several appeals in concerns with the January 26, 2016 attack, and did so against the Defendants, including against the actions of Defendants Jaime and Stark; the appeals coordinator has free will to pick and choose as to what appeals get processed and what appeals do not." (*Id*.)

Defendants have filed an "Objection to Plaintiff's Objections to Defendants' Meritless Pleadings and Motions." (Doc. 63.) Citing Local Rule 230(m), Defendants contend Plaintiff has "previously opposed" the summary judgment motion, they "did not submit any new evidence" in their reply to Plaintiff's opposition, and Plaintiff has not obtained "permission to file any supplemental material." (*Id*. at 2.) Defendants further contend Plaintiff's Objections "do not cite any judicial opinions issued after the date Plaintiff filed" his opposition. (*Id.*)

Local Rule 230(l), entitled "Motions in Prisoner Actions," does not contemplate any filing beyond the motion, an opposition, and a reply. Local Rule 230(m) provides as follows:

> **Supplementary Material**. After a reply is filed, no additional memoranda, papers, or other materials may be filed without prior Court approval except:
>
> (1) **Objection to Reply Evidence**. If new evidence has been submitted with the reply brief, the opposing party may file and serve, no later than seven (7) days after the reply is filed, an Objection to Reply Evidence stating its objections to the new evidence. The Objection to Reply Evidence may not include further argument on the motion.

2

> (2) **Notice of Supplemental Authority**. Any party may file a notice of supplemental authority to bring the Court's attention to a relevant judicial opinion issued after the date that party's opposition or reply was filed. The notice of supplemental authority may contain a citation to the new authority but may not contain additional argument on the motion.

Local Rule 230(m).

As set forth above, Plaintiff filed his opposition to Defendants' summary judgment motion alleging failure to exhaust administrative remedies on September 9, 2021. (*See* Doc. 44.) Defendants filed a reply on September 16, 2021. (Doc. 45.) A review of Defendants' reply reveals that it does not submit any new evidence. Therefore, Plaintiff is not entitled to any supplemental filing without prior court approval. Local Rule 230(m)(1). The undersigned also notes that had Defendants' reply included new evidence, Plaintiff's Objections are well beyond the required 7-day deadline. In fact, 245 days[1] have elapsed between Defendants' reply and Plaintiff's Objections. Further, Plaintiff's Objections do not cite to any new legal authority in support of his opposition to Defendants' summary judgment motion. As noted above, Plaintiff is not entitled to any supplemental filing without prior approval. Local Rule 230(m)(2). Plaintiff is simply not entitled to further or additional argument concerning Defendants' summary judgment motion nor will the Court entertain any supplemental pleadings.

Plaintiff next requests that the Court take "judicial notice of its own record in the case of Armstrong v. Newsom, and see the misconduct history of CDCR and KVSP against ADA/ARP inmates by the State actors, officers, and employees, and the reason why institutions, e.g., KVSP, etc., officers must wear body cameras and cameras are not stritigically [sic] placed throughout the institutions." (Doc. 62 at 3.) He claims "[t]his is what evidence Pltf. Has to exhibit the 'Proof' requirement to show that his appeals and grievances were indeed submitted, but were veted [sic] out by the very actors who were to process them." (*Id*.)

Pursuant to Federal Rule of Evidence 201, a court may properly take judicial notice of matters in the public record. *See Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006). A court may take judicial notice of a public record not for the truth of the facts recited in the document, but for

---

[1] 5/19/22 – 9/16/21 = 245 days

the existence of the matters therein that cannot reasonably be questioned. *See* Fed. R. Evid. 201. A court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc*., 971 F.2d 244, 248 (9th Cir. 1992) (citation omitted). If a court takes judicial notice of a document, it must specify what facts it judicially noticed from the document. *Id.*

Plaintiff's reference to "Armstrong v. Newsom" is too vague. He provides no case number or other identifying information. Even assuming Plaintiff is referring to a matter entitled *Armstrong v. Newsom* that was filed in the United States District Court for the Northern District of California, case number 4:94-cv-02307-CW, the Court will take judicial notice of the *Armstrong* matter only to demonstrate the action was filed, not for the truth of facts recited in that action. Moreover, Plaintiff has failed to identify any document or filing in that action and simply refers to "the misconduct history." The Court will not review the docket of another action to clarify or identify Plaintiff's vague reference. For those reasons, the Court does *not* take judicial notice of any facts in the *Armstrong* action.

In sum, for the foregoing reasons, Plaintiff's Objections filed May 19, 2022 (Doc. 62) will be set aside.

### B.  *Plaintiff's Filing of July 8, 2022 (Doc. 64)*

In his "Notice to the Court Under Necessity; Motion for Reconsideration" (Doc. 64), Plaintiff asks the Court to "PLEASE TAKE NOTICE Pltf. has done all it is that the court has asked of Pltf., and still Objects the court's F & R, under necessity, for the facts are as follows: …." (*Id.* at 1.) Plaintiff thereafter contends "this court cannot dismiss this action based on so-called failure to exhaust administrative remedies" (*id*.), that Plaintiff "is not a party to the State of California Constitution nor a party of the federal Constitution, the States are the parties to them" (*id*.), that "courts of the United States are bound to recognize and enforce the common law" (*id*.), and that "defendants in the case sub judice, had all sworn an oath to protect [Plaintiff's] life and [his] property …, in which they had failed to protect me as this court has recognized" (*id*.). Further, Plaintiff contends that were the "court to dismiss this case [it] would be in essence to

deny Pltf. his civil rights under the law." (*Id*.) Plaintiff states:

> prior to this Court making its Findings and Recommendations and the adoptions thereof, I notice this Court that said court is to protect private rights, to deny or dismiss this action would be to deny Plft's private rights, his civil and constitutionally guaranteed, and secured rights, is such an act or acts sustainable by law? The only way to take my rights is by due process of law, and in accordance with the Constitution, which the court is a sworn party of.

(*Id*. at 2.) Plaintiff concludes with a "notice [to] this Court that the 'Constitution extends equal protection of the law to people, not to interests" and that "the court's overriding concern ought to be 'the incessant command of the court's conscience that justice be done in light of all the facts.' [Citation omitted.]" (*Id*.)

The Court notes that no findings and recommendations have been issued concerning Defendants' summary judgment motion for a failure to exhaust administrative remedies. As noted above, the motion remains pending on this Court's busy docket and will be considered in due course.

Next, while Plaintiff partially titled his filing a "Motion for Reconsideration," there is nothing to reconsider. Neither an order nor any findings and recommendations have issued from either a district judge or the assigned magistrate judge concerning Defendants' motion for summary judgment filed on August 27, 2021. Therefore, any request for reconsideration is premature. *See* Local Rules 230(j) & 303(c).

Plaintiff's Notice is a further attempt to file supplemental materials concerning Defendants' pending motion for summary judgment for failure to exhaust. For the reasons explained above (*see* subh. (A), *ante*), Plaintiff's notice will be denied. *See* Local Rule 230(m). In sum, Plaintiff is entitled to no relief concerning his "Notice" filed July 8, 2022.

//
//
//
//
//
//

### III. CONCLUSION AND ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Plaintiff's "Objections to Defendants' Continuous Meritless Pleadings and Motions, Under Necessity; Inter Alia; Request for Judicial Notice; and Prayer to Excuse Late Filing of Documents" (Doc. 62) are SET ASIDE, and

2. Plaintiff's "Notice to the Court Under Necessity; Motion for Reconsideration" (Doc. 64) is DENIED.

IT IS SO ORDERED.

Dated:   **July 20, 2022**                                    /s/ *Sheila K. Oberto*
                                                              UNITED STATES MAGISTRATE JUDGE