UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA BLAND,<br><br>    Plaintiff,<br><br>    v.<br><br>D. MOFFETT, et al.,<br><br>    Defendants. | No. 1:19-cv-01750-JLT-SKO (PC)<br><br>**ORDER DENYING PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE**<br><br>(Doc. 67) |

    Plaintiff Joshua Bland is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983.

    On August 31, 2022, Plaintiff filed a "Request for Judicial Notice." (Doc. 67.) He asks the Court to take judicial notice of an article that appeared in the Washington Post on October 6, 2021, entitled "California prison guard died after reporting corruption, by Associated Press." (*Id*.) Plaintiff claims the article "exhibits … CDCR's via its 'officers, agents, employees, and attorneys,' and 'other persons who are in actice [sic] concern or participation' with it … do commit corruption, e.g., make inmate's grievances 'mysteriously disappear' when, esp., it is against their co-employees such as the case with my own grievance …." (*Id*.) Plaintiff again asks this Court to take judicial notice of "Armstrong v. Newsom, U.S.D.C., E.D. California, Case No. 4:94-cv-02307-CW" as "the court ordered CDCR to implement and install surveillance cameras and body cameras." (*Id*.) Plaintiff contends that "exhibits CDCR's actions and inactions of the

1  State employees, etc., unable to abide by the law, and this implementation of such cameras has
2  also resulted in the exodus of CDCR employees due to their knowledge and/or participation in
3  such activities and otherwise. Such as making inmate's grievance forms disappear and not be
4  filed." (*Id.*)

5  The Court finds it unnecessary to await a response by Defendants. Plaintiff's request will
6  be denied for the reasons discussed below.

7  **I.   RELEVANT BACKGROUND**

8  Defendants Jaime and Stark filed a Motion for Summary Judgment on August 27, 2021,
9  asserting Plaintiff had failed to exhaust his administrative remedies before filing this action. (Doc.
10 41.)  Plaintiff filed an opposition on September 9, 2021. (Doc. 44.) On September 16, 2021,
11 Defendants filed their reply. (Doc. 45.) The summary judgment motion remains pending
12 resolution and will be decided in due course.

13 On May 19, 2022, Plaintiff filed a document titled "Objections to Defendants' Continuous
14 Meritless Pleadings and Motions, Under Necessity; Inter Alia; Request for Judicial Notice; and
15 Prayer to Excuse Late Filing of Documents." (Doc. 62.) Defendants filed objections to Plaintiff's
16 objections that same date. (Doc. 63.)

17 On July 8, 2022, Plaintiff filed a "Notice to the Court Under Necessity; Motion for
18 Reconsideration. (Doc. 64.)

19 On July 21, 2022, this Court issued its "Order Setting Aside Plaintiff's Objections of May
20 19, 2022 and Denying Plaintiff's Notice Dated July 8, 2022." (Doc. 65.) On August 31, 2022,
21 Plaintiff filed the instant request. (Doc. 67.)

22 **II.   DISCUSSION**

23 *A. Rule 56(d) of the Federal Rules of Civil Procedure*

24 In seeking judicial notice concerning a news article, Plaintiff cites to "(Fed.R.Civ.P.
25 65(d)(2)(A)-(C))." (Doc. 67.) Rule 65 of the Federal Rules of Civil Procedure, however, pertains
26 to Injunctions and Restraining Orders. A review of Plaintiff's August 31, 2022, filing makes clear
27 Plaintiff is not seeking an injunction or restraining order. He is instead seeking judicial notice of
28 documents he believes are relevant to the exhaustion of administrative remedies, the subject of

Defendants' pending motion for summary judgment. Therefore, the Court construes Plaintiff's August 31, 2022, filing as arising under Rule 56 of the Federal Rules of Civil Procedure.

Rule 56(d) provides as follows:

> (d) **When Facts Are Unavailable to the Nonmovant**. If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
> (1) defer considering the motion or deny it;
>
> (2) allow time to obtain affidavits or declarations or to take discovery; or
>
> (3) issue any other appropriate order.

Fed. R. Civ. P. 56(d).

Plaintiff has failed to show "by affidavit or declaration that, for specified reasons, [he] cannot present facts essential to justify [his] opposition," thereby allowing the Court to defer consideration of Defendants' summary judgment motion or to deny it. Fed. R. Civ. P. 56(d)(1). In fact, Plaintiff filed an opposition nearly one year ago. Plaintiff is not asking this Court to allow time to obtain affidavits or declarations or to take discovery related to the pending summary judgment motion. Fed. R. Civ. P. 56(d)(2). Plaintiff instead asks the Court to take judicial notice of a news article, which the Court construes to be a request for the court to "issue any other appropriate order." Fed. R. Civ. P. 56(d)(3).

Despite Plaintiff's assertion to the contrary, a news article concerning the suicide of a California correctional officer "due to reporting corruption and harassment," (Doc. 67), at California State Prison, Sacramento does not assist the Court in determining whether Plaintiff exhausted his administrative remedies, or whether those administrative remedies were available, prior to Plaintiff's initiating this action. Stated another way, a news article about a correctional officer reporting to superiors that other officers were faking documents and planting drugs or weapons on inmates is not related to the issue presently in dispute in this case.

Moreover, Rule 201 of the Rules of Federal Evidence "provides that a trial court may take judicial notice of an 'adjudicative fact,' provided that the 'judicially noticed fact [is] not subject to reasonable dispute in that it is ... generally known within the territorial jurisdiction of the

3

court.'" *Grason Elec. Co. v. Sacramento Municipal Utility Dist.*, 571 F.Supp. 1504, 1521 (E.D. Cal. 1983). Setting aside any discussion of whether the article is subject to reasonable dispute and generally known within this Court's jurisdiction, a news article is not an "adjudicative fact." "'[A]judicative facts are those to which the law is applied in the process of adjudication. They are the facts that normally go to the jury in a jury case.'" *Id*. The news article is not one "to which the law" will be applied in determining whether Plaintiff exhausted his administrative remedies. It is simply unrelated and irrelevant for that determination.

In sum, there is no reason to defer considering the motion for summary judgment, or to allow additional time to obtain discovery, or to issue any other order. The Court declines to take judicial notice of the news article cited in Plaintiff's request. The summary judgment motion has been fully briefed and submitted for decision. It will be decided in due course.

### B. Plaintiff's Request for Judicial Notice re Armstrong

Plaintiff asks the Court to take judicial notice of *Armstrong v. Newsom*, case number 4:94-cv-02307-CW,[1] and in particular, an order "to implement and install surveillance cameras and body cameras," because it is allegedly proof correctional officers are "unable to abide by the law" and that an "exodus of CDCR employees" resulted from the order "due to their knowledge and/or participation in such activities," like "making inmate[] grievance forms disappear and not be filed." (Doc. 67.)

Pursuant to Federal Rule of Evidence 201, a court may properly take judicial notice of matters in the public record. *See Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006). A court may take judicial notice of a public record not for the truth of the facts recited in the document, but for the existence of the matters therein that cannot reasonably be questioned. *See* Fed. R. Evid. 201. A court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (citation omitted). If a court takes judicial notice of a document, it must specify what facts it judicially

---

[1] Plaintiff mistakenly identifies the action as one pending in this district. The case was filed in the United States District Court for the Northern District of California.

noticed from the document. *Id*.

This Court has already taken judicial notice of the *Armstrong* matter only to demonstrate the action was filed. (*See* Doc. 65 at 4.) As to this request, Plaintiff does not identify the "order" to which he refers with any specificity. Again, it is not the Court's job to review the docket in an unrelated action to find what Plaintiff has failed to identify.  More importantly, even assuming such an order exists, this Court could take judicial notice of its existence, but not its truth. *Marder v. Lopez*, 450 F.3d at 448; *Hurd v. Garcia*, 454 F.Supp.2d 1032, 1055 (S.D. Cal. 2006) (public record documents may be judicially noticed to show, for example, that a judicial proceeding occurred or that a document was filed in another court case, but a court may not take judicial notice of findings of facts from another case). That means the *Armstrong* order is not proof—as Plaintiff contends—that correctional officers are "unable to abide by the law" and that an "exodus of CDCR employees" resulted from the order "due to their knowledge and/or participation in such activities." Nor would such an order issued in the *Armstrong* action require a conclusion *in this case* that CDCR staff violated any rule, regulation or law. The order may exist in *Armstrong*, but any factual findings made in that order may not be judicially noticed in this action.

Further, Plaintiff's assertion that there is a connection between the *Armstrong* order and his case, i.e., because surveillance and body cameras were required in *Armstrong* due to illegal conduct, that is proof of illegal conduct occurring in his case, is misplaced. There is no direct relation between an order in *Armstrong* purportedly requiring the implementation of body and surveillance cameras in state prisons and this case, where the Court will determine whether Plaintiff exhausted his administrative remedies. *U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc*., 971 F.2d at 248.

The Court declines to take judicial notice of an unidentified order in the *Armstrong* matter cited in Plaintiff's request.

//
//
//
//

**III. CONCLUSION AND ORDER**

For the reasons given above, IT IS HEREBY ORDERED that Plaintiff's Request to Take Judicial Notice (Doc. 67) is DENIED.

IT IS SO ORDERED.

Dated: **September 2, 2022**         /s/ *Sheila K. Oberto*
                                    UNITED STATES MAGISTRATE JUDGE