UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA BLAND,<br><br>            Plaintiff,<br><br>     v.<br><br>D. MOFFETT, et al.,<br><br>            Defendants. | No. 1:19-cv-01750-JLT-SKO (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO GRANT DEFENDANTS' MOTION FOR SUMMARY JUDGMENT FOR A FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES**<br><br>(Doc. 41)<br><br>**14-DAY OBJECTION DEADLINE** |

Plaintiff Joshua Davis Bland is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983.

**I.     RELEVANT PROCEDURAL BACKGROUND**

Plaintiff initiated this action on December 16, 2019. (Doc. 1.)

Following screening in April 2020, the Court found Plaintiff stated a cognizable retaliation claim against Defendant Moffett and a cognizable failure to protect claims against Defendants Jaime and Stark. (Doc. 8.)

On May 22, 2020, the undersigned issued findings and recommendations to dismiss Defendants Bryan, Castellanos, Luna, Stane, and the California Department of Corrections and Rehabilitation, and to dismiss all claims in Plaintiff's complaint except for the retaliation claim against Defendant Moffett and the failure to protect claims against Defendants Jaime and Stark.

1    (Doc. 12.) District Judge Dale A. Drozd adopted the findings in full on July 1, 2020. (Doc. 14.)

2    Following service of Plaintiff's complaint, on September 18, 2020, Defendant Moffett

3    filed a motion to dismiss the complaint. (Doc. 20.) Plaintiff opposed (Doc. 23) and Defendant

4    Moffett filed a reply (Doc. 24).

5    On February 16, 2021, the undersigned issued findings and recommendations to grant

6    Defendant Moffett's motion to dismiss the claim asserted against Moffett as time-barred. (Doc.

7    26.) On April 1, 2020, District Judge Dale A. Drozd adopted the findings and recommendations

8    in full. (Doc. 32.) Defendant Moffett was dismissed with prejudice. (*Id*. at 2.)

9    On April 28, 2021, Defendants Jaime and Stark filed an answer to Plaintiff's complaint.

10    (Doc. 33.)  A Discovery and Scheduling Order issued June 7, 2021. (Doc. 39.)

11    On August 27, 2021, Defendants Jaime and Stark filed the instant motion for summary

12    judgment, asserting Plaintiff had failed to exhaust his administrative remedies prior to filing this

13    action. (Doc. 41.)  Plaintiff opposed (Doc. 44) and Defendants replied (Doc. 45). On October 27,

14    2021, Plaintiff filed a document titled "Original Common Law Writ, Sui Juris, By Claimant at

15    Law," which will be construed by the Court as a sur-reply—without having sought leave to do so.

16    (Doc. 49.) On November 19, 2021, Defendants filed an objection to Plaintiff's sur-reply. (Doc.

17    51.)

18    On May 19, 2022, Plaintiff filed a document titled "Objections to Defendants' Continuous

19    Meritless Pleadings and Motions, Under Necessity; Inter Alia; Request for Judicial Notice; and

20    Prayer to Excuse Late Filing of Documents." (Doc. 62.) Defendants filed objections to Plaintiff's

21    filing on that same date. (Doc. 63.)

22    On July 8, 2022, Plaintiff filed a "Notice to the Court Under Necessity; Motion for

23    Reconsideration." (Doc. 64.)

24    On July 21, 2022, this Court issued its Order Setting Aside Plaintiff's Objections of May

25    19, 2022 and Denying Plaintiff's Notice Dated July 8, 2022. (Doc. 65.)

26    On August 31, 2022, Plaintiff filed a Request for Judicial Notice. (Doc. 67.) On

27    September 2, 2022, the undersigned issued an Order Denying Plaintiff's Request for Judicial

28    Notice. (Doc. 68.)

## II. SUMMARY OF FACTS

*Plaintiff's Allegations*

As to Defendants Jaime and Stark, Plaintiff's complaint alleged, in relevant part:

> CDCR Associate Warden G. Jaime, and Facility "C" Captain Elizabeth Stark, after a week in hospital for plastic surgery and a week in administrated segregation, the two above named put me back where the Jan. 26th, 2016, attack had occurred; 1-week later my cell partner reveals to me that he was one of the 6 attackers, then punches me in left eye, causing my then eyeglasses to cut a huge gouge just below my left eye on the cheek bone area.

(Doc. 1 at 6.) Plaintiff acknowledged administrative remedies were available at his institution and asserted that he submitted a request for administrative relief. (*Id*.) Plaintiff did not appeal the claim to the highest level, noting "[m]y submitted appeal was never assigned a Log #, as was my 2nd & 3rd submitted appeals on the same issues." (*Id*.)

### A. Defendants' Undisputed Facts

Defendants submitted the following undisputed facts:

1. Plaintiff Joshua Bland (CDCR No. P29302) is an inmate in the custody of the California Department of Corrections and Rehabilitation (CDCR).

2. Plaintiff filed this action on December 16, 2019, regarding alleged incidents at Kern Valley State Prison (KVSP).

3. Plaintiff's Complaint alleges, among other things, the following:

    Plaintiff was attacked by a group of inmates on January 26, 2016. Plaintiff alleges that Associate Warden Jaime, now Warden, and Correctional Captain Stark, now Associate Warden, and CDCR placed him back in the location where the January 26, 2016 attack occurred just two weeks after the attack. A week later, Plaintiff's cellmate revealed that he was one of the 6 attackers before punching Plaintiff in the face and causing Plaintiff's eyeglasses to cut him just below his left eye.

4. In screening the Complaint, the Court found Plaintiff stated a potentially cognizable failure to protect claim against Defendants Jaime and Stark for their placement of Plaintiff in a cell with one of his attackers from the January 26, 2016 incident. The Court dismissed all other claims and defendants. [Fn. Omitted.]

3

5. CDCR and KVSP had an administrative grievance process for inmates at all times relevant to this lawsuit, which allows them to appeal any departmental decision, action, policy, omission, or condition that has an adverse material effect on the inmate's welfare.

6. An inmate appeal is initiated by submitting a CDCR Form 602 (Form 602 or appeal).

7. Inmates must follow the procedures set forth in California Code of Regulations, Title 15, section 3084.1 through 3085, which includes describing the problem and action requested in the appeal form. The appeals process has three levels of review.

8. At the first level of review, CDCR form 602 appeals are submitted to the appeals coordinator at the institution. The appeals coordinator may bypass the first level under certain circumstances. If the inmate is not satisfied with the decision at the first level, he may appeal to the second level. The second level must be completed before the inmate may appeal to the third level. The third level of review constitutes the decision of the Secretary of the California Department of Corrections and Rehabilitation and is conducted under the supervision of the third level Appeals Chief or equivalent. A decision at the third level review exhausts administrative remedies. To properly exhaust an administrative grievance, an inmate must pursue his appeals through all levels of the administrative appeal process unless excused from one of the levels under Title 15.

9. Inmates are required to list the staff members and the date of that staff member's involvement in the issue under appeal. If the inmate does not have the requested identifying information about the staff member(s), he shall provide any other available information that would assist the appeals coordinator in making a reasonable attempt to identify the staff member(s) in question. The inmate shall state all facts known and available to him/her regarding the issue being appealed at the time of submitting the Inmate/Parolee Appeal forms.

10. When an inmate submits an appeal that does not comply with regulations governing the appeal process, an appeals coordinator will reject and return the appeal with the

4

reason for the rejection and provide instructions to correct the defect, if correction is possible. An appeal that is cancelled cannot be resubmitted, but an inmate may appeal the cancellation if he/she feels the cancellation is in error. An appeal may be rejected or cancelled for the reasons outlined in California Code of Regulations, Title 15, sections 3084.6 (b) and (c), including expiration of time limits, allegations that lack factual evidence and specific detail, and exceeding the allowable number of appeals filed in a 14 calendar day period. If an appeal is rejected or cancelled at any level, it is not exhausted.

11. Inmates are only permitted to appeal one issue per appeal.

12. The Office of Appeals (OOA) receives, reviews, and maintains all non-medical inmate grievances at the third and final level of review.

13. A final decision at the third level of review generally exhausts an inmate grievance. Rejection or cancellation of an appeal at any level does not exhaust administrative remedies. A request for the institution to modify or amend an appeal from the third level of formal review does not exhaust the appeal.

14. The administrative appeals process at KVSP remained available to Plaintiff and Plaintiff knew about and used the administrative grievance process between January 26, 2016 through December 16, 2019.

15. Between January 26, 2016 and December 16, 2019, Plaintiff submitted approximately 24 non-medical appeals to KVSP's appeals office that were accepted for review.

16. Between January 26, 2016 and December 16, 2019, Plaintiff also submitted multiple appeals that were screened out, rejected or cancelled for Plaintiff's failure to properly submit them. Each time an appeal was rejected, Plaintiff was instructed how to correct the issue.

17. Appeal Log Numbers KVSP-O-16-00795, KVSP-O-16-01688, KVSP-O-17-01758, and KVSP-O-18-00780, are the Appeals relevant to Plaintiff's Complaint.

18. In Appeal Log No. KVSP-O-16-00795, Plaintiff included allegations that he was attacked on January 26, 2016. However, due to the date of this appeal, a full copy of

5

the originally submitted appeal was not kept and it was instead returned to Plaintiff with the rejection letter on March 8, 2016. The appeal was rejected because Plaintiff exceeded the allowable number of appeals in a 14-day time period under Cal Code off Regs., tit. 15, section 3084.6(b)(3). Plaintiff then resubmitted the appeal where it was again rejected on March 29, 2016. The appeal was rejected because Plaintiff included multiple issues that did not derive from a single event or which were directly related to one another. See Cal. Code of Regs., tit. 15, section 3084.6(b)(8). Plaintiff complained both about property issues and, in section B, included a staff complaint arising out of an incident on January 26, 2016. Plaintiff was instructed to separate the issues into separate appeals and resubmit. Plaintiff was also informed that the KVSP appeals office did not have an appeal regarding an alleged attack on January 26, 2016, and the appeals office inquired if Plaintiff submitted such an appeal. Plaintiff then resubmitted the appeal and scratched out the section regarding the alleged January 26, 2016 staff complaint, indicating he wished to proceed on the property issue. Plaintiff then later withdrew the appeal altogether stating, "I withdraw this appeal as the issue is being resolved." Therefore, this appeal does not exhaust any staff complaint issues arising out of a January 26, 2016 incident, or any staff complaints occurring thereafter.

19. In Appeal Log No. KVSP-O-16-01688, Plaintiff requested a reasonable accommodation to have his medications delivered to his building due to his alleged stress and anxiety in crowds. Plaintiff alleged that he has suffered this stress since he was attacked on January 26, 2016. Plaintiff's request was received on May 25, 2016, and denied on June 13, 2016, as this could cause further isolation and harm to Plaintiff's mental health. Plaintiff took no further action regarding his appeal and did not exhaust it.

20. In Appeal Log No. KVSP-O-17-01758, Plaintiff alleged that he was attacked by another inmate on January 26, 2016, and staff failed to protect him. Plaintiff requested the reports and an investigation. Plaintiff's appeal was received and rejected on June 15, 2017, because he exceeded the allowable number of appeals in a 14-day period.

Additionally, Plaintiff was appealing an event that occurred over a year prior and thus failed to comply with the applicable 30-day time constraints to submit his appeal. Further, Plaintiff did not allege that he was housed with the same inmate who attacked him on January 26, 2016, a couple weeks later and attacked again as a result. Plaintiff took no further action regarding his appeal and did not exhaust it.

21. In Appeal Log No. KVSP-O-18-00780, Plaintiff alleged that all RVRs issued while he was at KVSP were false and requested to have all removed from his file. Plaintiff alleged that Defendants Stark and Jaime, along with various other staff members, were involved in the falsification of records, lied about his property, and conspired with inmates to have him attacked. Plaintiff's appeal was received and rejected on April 3, 2018, because his appeal involved multiple issues that did not derive from a single event and could not be reasonable addressed in a single response under Cal. Code Regs., tit. 15, section 3084.6(b)(8). Plaintiff was advised that he could submit separate appeals on his separate issues. Plaintiff was also warned that his allegations were too general and failed to state facts or specify an act or decision consistent with his allegations under Cal. Code. Regs, tit. 15, section 3084.6(b)(6). Further, Plaintiff did not allege that he was housed with the same inmate who attacked him on January 26, 2016 a couple weeks later, and attacked again as a result, as alleged in his Complaint. Nor did he attribute any specific actions to Defendants Stark and Jaime. Plaintiff took no further action regarding his appeal and did not exhaust it.

22. Plaintiff only submitted one appeal to the OOA which is related to the allegations in his Complaint. Appeal Log No. 1600622 (an appeal of Grievance Log No. KVSP-16-00583), briefly referenced an attack against Plaintiff by another offender on January 26, 2016, motivated by the disclosure of Plaintiff's commitment offense by dismissed Defendant Moffett. The allegation does not state that Defendants Jaime and Stark placed Plaintiff back in the same cell as one of the alleged January 26, 2016, attackers, thus causing him to be attacked again. However, the appeal primarily concerned a property issue, thus any other allegations were not addressed. The OOA rejected this

7

|   |   |
|---|---|
| 1 | appeal on September 20, 2016, because it was missing the necessary supporting |
| 2 | documentation required under California Code of Regulations, title 15, Section |
| 3 | 3084.6(b)(7). Plaintiff took no further action regarding this appeal. |
| 4 | 23. Plaintiff submitted other appeals to the KVSP appeals office and OOA which were |
| 5 | accepted for review during the relevant time period but were not relevant to the |
| 6 | Complaint. |
| 7 | 24. While Plaintiff submitted multiple appeals to the OOA during the relevant time frame |
| 8 | which were accepted for review, none were relevant to the allegations in Plaintiff's |
| 9 | complaint. |

(Doc. 41-3.)

### III. LEGAL STANDARDS

#### A. Summary Judgment

Summary judgment is appropriate when the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party "initially bears the burden of proving the absence of a genuine issue of material fact." *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). The moving party may accomplish this by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations …, admissions, interrogatory answers, or other materials," or by showing that such materials "do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(A), (B). When the non-moving party bears the burden of proof at trial, "the moving party need only prove that there is an absence of evidence to support the non-moving party's case." *Oracle Corp.*, 627 F.3d at 387 (citing *Celotex*, 477 U.S. at 325); *see also* Fed. R. Civ. P. 56(c)(1)(B).

Summary judgment should be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *See Celotex*, 477 U.S. at 322. "[A] complete failure of

proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* at 322–23. In such a circumstance, summary judgment should be granted, "so long as whatever is before the district court demonstrates that the standard for the entry of summary judgment … is satisfied." *Id.* at 323.

### B. Exhaustion of Administrative Remedies

The Prison Litigation Reform Act (PLRA) provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion of administrative remedies is mandatory and "unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211 (2007). Inmates are required to "complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." *Woodford v. Ngo*, 548 U.S. 81, 88, 93 (2006). The exhaustion requirement applies to all inmate suits relating to prison life, *Porter v. Nussle*, 534 U.S. 516, 532 (2002), regardless of the relief sought by the prisoner or offered by the administrative process, *Booth v. Churner*, 532 U.S. 731, 741 (2001).

The failure to exhaust administrative remedies is an affirmative defense, which the defendant must plead and prove. *Jones*, 549 U.S. at 204, 216. The defendant bears the burden of producing evidence that proves a failure to exhaust; and, summary judgment is appropriate only if the undisputed evidence, viewed in the light most favorable to the plaintiff, shows the plaintiff failed to exhaust. *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014).

On a motion for summary judgment, the defendant must prove (1) the existence of an available administrative remedy and (2) that the plaintiff failed to exhaust that remedy. *Albino,* 747 F.3d at 1172 (citation omitted). If the defendant meets this burden, the plaintiff then "has the burden of production. That is, the burden shifts to the prisoner to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Id.* (citation omitted). "However, … the ultimate burden of proof remains with the defendant." *Id.* "If a motion for

summary judgment is denied, disputed factual questions relevant to exhaustion should be decided by the judge." *Id.* at 1170.

An inmate "need not exhaust unavailable [remedies]." *Ross v. Blake*, 578 U.S. 632, 642 (2016). An administrative remedy is unavailable "when (despite what regulations or guidance materials may promise) it operates as a simple dead end with officers unable or consistently unwilling to provide any relief to aggrieved inmates"; or when "an administrative scheme [is] so opaque that it becomes, practically speaking, incapable of use, [i.e.,] some mechanism exists to provide relief, but no ordinary prisoner can discern or navigate [the mechanism]"; or "when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Id.* at 643-44.

Prisoners are required to exhaust the available administrative remedies prior to filing suit. *Jones v. Bock*, 549 U.S. at 211; *McKinney v. Carey*, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). However, a prisoner who has fully complied with the PLRA's exhaustion requirement need not file an entirely new federal case simply because they had not exhausted when they filed their original federal complaint. *Jackson v. Fong*, 870 F.3d 928 (9th Cir. 2017); accord *Saddozai v. Davis*, ―― F.4th ――, 2022 WL 1613616 (9th Cir. May 23, 2022.)

When the district court concludes that the prisoner has not exhausted administrative remedies on a claim, "the proper remedy is dismissal of the claim without prejudice." *Wyatt v. Terhune*, 315 F.3d 1108, 1120 (9th Cir. 2003) (citation omitted), *overruled on other grounds* by *Albino*, 747 F.3d at 1168-69. "If a motion for summary judgment is denied, disputed factual questions relevant to exhaustion should be decided by the judge." *Albino*, 747 F.3d at 1170. If the court finds that remedies were not available, the prisoner exhausted available remedies, or the failure to exhaust available remedies should be excused, the case proceeds to the merits. *Id.* at 1171.

### C. CDCR Grievance Process

The CDCR has an administrative grievance system for prisoners to appeal a policy, decision, action, condition, or omission by the department or staff if it has an adverse effect on prisoner health, safety, or welfare. Cal. Code Regs. tit. 15, § 3084.1(a) (2017). Compliance with

42 U.S.C. § 1997e(a) requires California state prisoners to utilize CDCR's grievance process to exhaust their claims prior to bringing suit in court. *See Sapp v. Kimbrell*, 623 F.3d 813, 818 (9th Cir. 2010); *see also Woodford*, 548 U.S. at 85-86. In 2016, administrative grievances were subject to three levels of review before the remedy was deemed exhausted. Cal. Code Regs. tit. 15, § 3084.1(b) (2017); *see also Sapp*, 623 F.3d at 818.

## IV.   EVIDENTIARY MATTERS

Plaintiff's arguments are almost entirely based on the debunked sovereign citizen ideology.[1] For instance, Plaintiff begins his "objections and disputes to defendants' motion for summary judgment" with the following: "PLEASE TAKE NOTICE, that the private man known as Joshua-Davis of the Bland family, sui juris, is a member of the sovereign people …, is, under necessity, the surety and accommodation party (UCC 3-419), is the lawful copyright-holder of ALL derivatives of his name as these are not legal names …." (Doc. 44 at 1, 6.)  Next, Plaintiff disputes Defendants' undisputed fact number one—"Plaintiff Joshua Bland (CDCR No. P29302) is an inmate in the custody of the California Department of Corrections and Rehabilitation (CDCR)" (*see* Doc. 41-3, ¶ 1)—contending he is "NOT the inmate/prisoner the CCR, Title 15 is speaking of nor that of all of CDCR's papers/books and/or documents, etc. state, this is a derivative of my name." (Doc. 44 at 1-2, 6-7.) And, at page 8 of the opposition, Plaintiff states: "[I]t is the sovereign who is a court, I am the court, and herein, I, as the sovereign court DENY the Defendants' Motion for Summary Judgment Re: Exhaustion! And the cause is ODERED [sic] to proceed to the merits of the case forthwith." (Doc. 44 at 8.)

Plaintiff's arguments based upon sovereign citizen ideology—i.e., claiming he is not an inmate based upon the way his name is reflected on documentation, he is not subject to any laws or regulations because his "true and proper name is not spelt out," or that because he has "no contract(s) with Congress …the PLRA is non-applicable to" him—are devoid of merit. Courts across the country have uniformly rejected arguments based in sovereign citizen ideology as "frivolous, irrational, or unintelligible." *Bland v. Warden*, Case No. 2:21-cv-00518 TLN DB P,

---

[1] Generally, sovereign citizens disclaim any authority by government authorities over them based on the person's own purported sovereignty. *See Vazquez v. California Highway Patrol*, No. 2:15-CV-756-JAM-EFB (PS), 2016 WL 232332, at *2 (E.D. Cal. Jan. 19, 2016) (explaining "sovereign citizen" ideology).

2022 WL 1597730, at *2 (E.D. Cal. May 19, 2022), citing *Mackey v. Bureau of Prisons*, 2016 WL 3254037, at *1 (E.D. Cal. June 14, 2016) (citing cases collected in *United States v. Staten*, No. 1:10-cr-179, 2012 WL 2389871, at *3 (M.D. Pa. June 25, 2012)). The Ninth Circuit Court of Appeals has specifically identified such arguments as "utterly meritless." *See United States v. Studley*, 783 F.2d 934, 937 n.3 (9th Cir. 1986); *see also Banks v. Florida*, No. 19-756, 2019 WL 7546620, at *1 (M.D. Fla. Dec. 17, 2019), report and recommendation adopted, 2020 WL 108983 (M.D. Fla. Jan. 9, 2020) (collecting cases and stating that legal theories espoused by sovereign citizens have been consistently rejected as "utterly frivolous, patently ludicrous, and a waste of ... the court's time, which is being paid by hard-earned tax dollars"); *United States v. Wunder*, No. 16-9452, 2019 WL 2928842, at *5 (D.N.J. July 8, 2019) ("legal-sounding but meaningless verbiage commonly used by adherents to the so-called sovereign citizen movement" is nothing more than a nullity).

Next, this Court's Local Rules provide for a motion, an opposition, and a reply. *See* Local Rule 230(l). The Local Rules or the Federal Rules do not provide the right to file a sur-reply. Courts generally views motions for leave to file a sur-reply with disfavor. *Hill v. England*, No. CVF05869 REC TAG, 2005 WL 3031136, at *1 (E.D. Cal. 2005) (citation omitted). However, district courts have the discretion to either permit or preclude a sur-reply. *See JG v. Douglas County School Dist.*, 552 F.3d 786, 803 n.14 (9th Cir. 2008) (district court did not abuse discretion in denying leave to file a sur-reply where it did not consider new evidence in reply).

Plaintiff's October 27, 2021 filing (*see* Doc. 49) is a sur-reply. Plaintiff did not file a motion seeking leave to file a sur-reply and Defendants objected. (Doc. 51.) The Court has nonetheless reviewed Plaintiff's sur-reply and the arguments raised in the sur-reply[2] do not change the Court's analysis of Defendants' summary judgment motion.

//

//

---

[2] Plaintiff's filing is again replete with references to sovereign citizen ideology. (*See, e.g.*, Doc. 49 at 1 ['I am a private, sovereign man, sentient human, flesh and blood and not a 'subject' or 'property' of the Federal or State government and for the purpose of this action, per the rules of court that parties so named be in all caps, the entity bringing this action may be called a 'citizen'"].)

## V. DISCUSSION

The question before the Court is whether Plaintiff exhausted his administrative remedies concerning his claim that Defendants Jaime and Stark failed to protect him from other inmates by placing him in a cell with one of his former attackers following his release from the hospital and a period of time spent in administrative segregation and subsequent to the original assault of January 26, 2016.

The Court has conducted a review of the grievances or appeals relevant to Plaintiff's claim: KVSP-O-16-00795, KVSP-O-16-01688, KVSP-O-17-01758 and KVSP-O-18-00780. (*See* Doc. 41-4 at 19-24 [KVSP-O-16-00795], 26-31 [KVSP-O-16-01688], 33-35 [KVSP-O-17-01758], 37-41 [KVSP-O-18-00780].)[3] It has also reviewed Appeal Log Number 1600622/KVSP-16-00583. (Doc. 41-7 at 98-123.)

The undersigned agrees with Defendants that KVSP-O-16-00795: (1) concerned the January 26, 2016 inmate attack and a property issue, not the subsequent cell placement relating to a later attack; (2) the appeal was properly rejected on two occasions for an abuse of the appeals system and a failure to follow instructions; (3) Plaintiff ultimately chose to pursue only the property issue; and (4) Plaintiff later withdrew the appeal. As to KVSP-O-16-01688, this grievance also mentions the January 26, 2016 incident, but does not allege a later failure to protect by Defendants and is focused on Plaintiff's request concerning the delivery of medication. KVSP-O-17-01758 alleges Plaintiff was attacked by another inmate on January 26, 2016, and that staff failed to protect him. This appeal was rejected for exceeding the allowable number of appeals in a 14-day period. The Court notes that this grievance or appeal does not allege Plaintiff was placed back into a cell by Defendants Jaime and Stark after the January 26, 2016 attack, thereby allowing for a second attack. In any event, had the allegation been made, the grievance or appeal was not exhausted.

Finally, as to appeal KVSP-O-18-00780, while Plaintiff mentions Defendants Jaime and Stark, the grievance concerned Plaintiff's allegations that Defendants lied on rules violation

---

[3] The Court conducted a review of all grievances and appeals appended as exhibits to the Leyva and Moseley declarations, which exceed several hundred pages, to ensure the accuracy of those identified as unrelated to Plaintiff's claims.

reports or documentation and conspired with an inmate to have Plaintiff assaulted, among other claims. Plaintiff's grievance was rejected because it presented multiple unrelated allegations and instructed Plaintiff to file separate grievances or appeals for each issue or allegation. Because Plaintiff took no further action, the grievance is unexhausted.

Appeal Log Number 1600622 was rejected by the Office of Appeals on September 20, 2016, for a lack of supporting documentation. (Doc. 41-7 at 98.) While the appeal mentions the January 26, 2016 attack, it does not concern Plaintiff's allegation that Defendants Jaime and Stark failed to protect him by placing him in a cell with one of the original attackers resulting in a second assault. In fact, it primarily concerns property Plaintiff alleged went missing after the attack. (*Id*. at 99-123.) In any event, Plaintiff took no action following the noticed rejection, despite having been advised regarding how to correct the deficiency. Any claim asserted in Appeal Log Number 1600622/KVSP-16-00583 is therefore unexhausted.

None of the relevant grievances or appeals allege that Defendants Jaime and Stark failed to protect Plaintiff by placing him in a cell after the January 26, 2016 assault, with an inmate who later admitted to assaulting Plaintiff on a prior occasion before physically attacking Plaintiff. Each of Plaintiff's original grievances or appeals may have mentioned the original assault by other inmates on January 26, 2016, and/or conclusory references to a failure to protect. However, as those grievances or appeals proceeded from the first level of review, the grievances or appeals concerned property issues or allegations which are not related to the instant claims. Therefore, none of the relevant grievances or appeals serve to exhaust Plaintiff's administrative remedies relating to the claim before the Court. 42 U.S.C. § 1997e(a); *Jones v. Bock*, 549 U.S. at 211; *Woodford v. Ngo*, 548 U.S. at 88, 93.

The undersigned finds Defendants have met their initial burden of showing there is no genuine issue of material of fact because Plaintiff failed to exhaust his administrative remedies despite the availability of an administrative remedy. (Doc. 41-3 [Defendants' UDF], ¶¶ 5-13; Doc. 41-4 [Leyva Decl.], ¶¶ 3-19; Doc. 41-6 [Moseley Decl.], ¶¶ 2-8.) *See In re Oracle Corp. Sec. Litig.*, 627 F.3d at 387; *Albino,* 747 F.3d at 1172. The burden therefore shifts to Plaintiff "to come forward with evidence showing that there is something in his particular case that made the

existing and generally available administrative remedies effectively unavailable to him." *Albino*, 747 F.3d at 1172. Plaintiff makes no such showing. (*See, e.g.*, Doc. 44.)

Other than a meritless argument that he is not an inmate and therefore not subject to the requirements of the PLRA requiring the exhaustion of administrative remedies prior to filing suit, Plaintiff offers no evidence showing administrative remedies were unavailable to him. Plaintiff has not shown the process "operates as a simple dead end," or that the process is "so opaque" that is "incapable of use" or unnavigable, or that prison authorities have thwarted its use through "machination, misrepresentation, or intimidation." *Ross v. Blake*, 578 U.S. at 642-644. The record reflects that administrative remedies were available to Plaintiff, Plaintiff regularly used the grievance and appeals process, and he was not thwarted in his efforts to do so.

In sum, Prisoners are required to exhaust the available administrative remedies prior to filing suit. *Jones v. Bock*, 549 U.S. at 211; *McKinney v. Carey*, 311 F.3d at 1199-1201. Plaintiff failed to do so. Even viewed in the light most favorable to Plaintiff, the record establishes Plaintiff did not exhaust his administrative remedies as required prior to filing suit. *Albino v. Baca*, 747 F.3d at 1166. Therefore, Defendants are entitled to summary judgment. *See Celotex*, 477 U.S. at 322-323.

//
//
//
//
//
//
//
//
//
//
//
//

### VI.    CONCLUSION AND RECOMMENDATION

Based on the foregoing, the Court recommends that Defendants' motion for summary judgment for a failure to exhaust administrative remedies (Doc. 41) be **GRANTED**. Judgment should be entered in favor of Defendants Jaime and Stark.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 14 days** of the date of service of these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may result in waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **October 4, 2022**                  /s/ *Sheila K. Oberto*
                                                                    UNITED STATES MAGISTRATE JUDGE